UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDOZ INC.,<br><br>    Petitioner,<br><br>-against-<br><br>CEDIPROF, INC.,<br><br>    Respondent. | Case No. 1:22-cv-09377-VSB<br><br>**PETITIONER SANDOZ INC.'S MOTION TO SEAL** |

  Plaintiff Sandoz Inc. ("Sandoz"), by and through its undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 5.2(d) and local Electronic Case Filing Rule 6.1, for an Order provisionally sealing (1) Sandoz's Memorandum of Law in Support of its Petition to Confirm an Arbitration Award and (2) Exhibit 1 and portions of Exhibit 2 to the Declaration of Jessica Kaufman in Support of Sandoz's Petition to Confirm an Arbitration Award.

  **WHEREFORE**, Sandoz respectfully requests that this Court grant its Motion to Seal the above-referenced documents and direct the Clerk of Court accordingly.

Dated: November 2, 2022

**APPLICATION DENIED**
**SO ORDERED** /s/ Vernon S. Broderick
**VERNON S. BRODERICK**
**U.S.D.J.**  11/4/2022

By November 10, 2022, Petitioner shall submit a letter motion in further support of their motion to seal, (Doc. 5), explaining why "closure is essential to preserve higher values" and how the request is narrowly tailored to serve that interest. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

MORRISON & FOERSTER LLP

By:  */s/ Jessica Kaufman*

 Jessica Kaufman
 David. J. Fioccola
 250 West 55th Street
 New York, New York 10019
 Telephone: (212) 468-8000
 JKaufman@mofo.com
 DFioccola@mofo.com

*Attorneys for Sandoz Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDOZ INC.,

                Petitioner,

-against-

CEDIPROF, INC.,

                Respondent.

Case No. 1:22-cv-09377-VSB

**PETITIONER SANDOZ INC.'S MOTION TO SEAL ITS MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION TO CONFIRM AN ARBITRATION AWARD, AND EXHIBIT 1 AND PORTIONS OF EXHIBIT 2 TO THE DECLARATION OF JESSICA KAUFMAN IN SUPPORT OF SANDOZ'S PETITION**

1.     Plaintiff Sandoz Inc. ("Sandoz"), by and through its undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 5.2(d) and local Electronic Case Filing Rule 6.1, for an Order provisionally sealing (1) Sandoz's Memorandum of Law in Support of its Petition to Confirm an Arbitration Award ("Memorandum of Law") and (2) Exhibit 1 and portions of Exhibit 2 to the Declaration of Jessica Kaufman in Support of Sandoz's Petition ("Kaufman Declaration").

2.     Exhibit 1 to the Kaufman Declaration consists of the final award ("Award") entered in the course of the AAA arbitration proceeding ("Arbitration") between Sandoz and Cediprof, Inc. ("Cediprof"), AAA Case No. 01-20-0010-0588. The Award is considered "Confidential" under the Stipulated Protective Order entered by the parties to the Arbitration.

3.     Exhibit 2 to the Kaufman Declaration consists of the Agreement for Marketing and Distribution of Products, dated July 31, 2002, as amended (the "Agreement"). Portions of the Agreement contain previously non-disclosed financial information subject to the Stipulated Protective Order entered by the parties to the Arbitration. The redactions applied to the public

version of this Exhibit are identical to those previously filed by Cediprof in this Court.  *See* ECF No. 25, Ex. 1, *Sandoz Inc. v. Cediprof, Inc.*, 1:20-cv-05568-VM (S.D.N.Y. Aug. 3, 2020).

4.   Sandoz's Memorandum of Law discusses, refers to, summarizes, quotes, and cites to the contents of Exhibits 1 and 2.

5.   Sandoz recognizes the long-standing common law right of access to judicial records.  "It is uncontested, however, that the right to inspect and copy judicial records is not absolute," and "access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  While the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access, "[s]ealing requests may be granted if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Prestige Bread Company of Jersey City, Inc.*, 21-CV-04670 (ALC), 2022 WL 3587011, at *3 (S.D.N.Y. Aug. 22, 2022) (citing *Bowling v. Johnson & Johnson*, No. 17-CIV-3982 (AJN), 2019 WL 1760162, at *8 (S.D.N.Y. Apr. 22, 2019); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)) (internal quotations omitted).

6.   Sandoz takes no position at this time as to whether sealing of any of the materials at issue in this motion is appropriate, but requests that the Court seal said materials for a period of time the Court deems reasonable to afford Cediprof the opportunity to make such a showing as to the need to seal the materials in question.

7.   Sandoz has simultaneously provided a copy of the unsealed documents to opposing counsel.

**WHEREFORE**, Sandoz respectfully requests that this Court grant its Motion to Seal, provisionally,:  (1) Sandoz's Memorandum of Law in Support of its Petition to Confirm an

3

Arbitration Award; and (3) Exhibit 1 and portions of Exhibit 2 to the Declaration of Jessica Kaufman in Support of Sandoz's Petition to Confirm an Arbitration Award.

Dated: November 2, 2022   MORRISON & FOERSTER LLP

By: /s/ Jessica Kaufman

Jessica Kaufman
David. J. Fioccola
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
JKaufman@mofo.com
DFioccola@mofo.com

*Attorneys for Sandoz Inc.*

3